UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANH TON LAM,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

CASE NO. 2:26-cv-01838-GJL

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Danh Ton Lam, a native and citizen of Vietnam, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On May 28, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention and injunctive relief concerning any future re-detention and release conditions. *Id.*

Respondents to the Petition include Todd Blanche (Acting United States Attorney General), Markwayne Mullen (Secretary of the Department of Homeland Security ("DHS")), David J. Venturella (Acting Director of ICE), Julio Hernandez (Field Office Director for ICE

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

Enforcement and Removal Operations ("ERO") in Seattle, Washington), and Bruce Scott (NWIPC Warden) (collectively "Respondents").[1] The Petition has been fully briefed. Dkts. 1, 5, 8.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) **IN PART** and **ORDERS** Petitioner's immediate release as set forth in the conclusion below.

## I.    FACTUAL BACKGROUND

Petitioner Danh Ton Lam, a citizen of Vietnam, entered the United States in 1994. Dkt. 1 at 5; Dkt. 6 at 2. Petitioner was detained by immigration officials on January 16, 2001, and, shortly thereafter, he received a Notice to Appear charging him as inadmissible under 8 USC § 1182(a)(6)(C)(i). Dkt. 1 at 6; Dkt. 7-2. Petitioner was released on bond on February 26, 2001, and placed in Alternatives to Detention ("ATD") while his removal proceedings were ongoing. Dkt. 6 at 2. Dkt. 6 at 2. Petitioner's applications for relief from removal were denied, as were his appeals, and his order of removal to Vietnam became final in September 2003. Dkt. 1 at 6; *see also* Dkt. 6 at 2; Dkt. 7-3.

On December 19, 2025, more than two decades after his release and receipt of a final order of removal, Petitioner was abruptly re-detained at an annual check-in with immigration officials. Dkt. 1 at 6; Dkt. 6 at 3; Dkt. 7-1. Petitioner alleges he did not receive prior written notice of the reasons for his re-detention, an individualized assessment of flight risk or danger to the community, or a hearing to determine whether his re-detention was justified. Dkt. 1 at 7. Since his re-detention, no travel document enabling Petitioner's removal has been requested

---

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.

from, or issued by, the Vietnamese Government. Dkt. 6 at 3–4. Petitioner remains detained at NWIPC. Dkt. 6 at 3.

## II.     PROCEDURAL BACKGROUND

These federal habeas proceedings were initiated on May 28, 2026, when Petitioner filed his Petition. Dkt. 1. As relief, Petitioner requests, among other things, immediate release from confinement and an injunction placing limitations on all future re-detention decisions and conditions of release. Dkt. 1 at 14–15. Respondents filed their Return on June 12, 2026, arguing the Petition and all requests for relief therein should be denied. Dkt. 5. Respondents also submitted evidence in support of their arguments in the Return. Dkts. 6, 7, 7-1–7-6. On June 17, 2026, Petitioner filed a Traverse in support of his Petition and evidence rebutting arguments in the Return. Dkt. 8; Dkts. 8-1, 8-2.

Upon review of the parties' submissions and the governing law, the Court **GRANTS** the Petition **IN PART** and **ORDERS** Petitioner's immediate release as outlined in the conclusion below.

## III.     DISCUSSION

Petitioner asserts two claims seeking federal habeas relief. Dkt. 1. First, Petitioner contends his removal is not likely to occur in the reasonably foreseeable future, making his detention of indefinite duration and thus unlawful as set forth in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Dkt. 1 at 12–13. Petitioner also asserts the manner in which he was re-detained violated procedural due process. *Id.* at 11–12.

Respondents argue the Petition and all requests for relief therein should be denied. Dkt. 5. In particular, Respondents argue that Petitioner's indefinite detention claim should be denied because Petitioner has allegedly refused to cooperate in removal efforts, because ERO has taken

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

steps toward requesting travel documents for Petitioner's removal to Vietnam, and because "[d]eportations to Vietnam for Vietnamese citizens with no criminal convictions, such as Petitioner now occur on a regular basis." *Id.* at 5, 7. With respect Petitioner's re-detention claim, Respondents do not contend that Petitioner received any notice or hearing concerning his re-detention and, instead, contend that the underlying re-detention decision was justified because "ERO believed that it was possible to effectuate Petitioner's removal to Vietnam when he was re-detained." *Id.* at 9.

As discussed in greater detail below, the Court finds that Petitioner's detention pending removal is of indefinite duration, thus no longer authorized, and grants federal habeas relief on that basis. Because the appropriate remedy for Petitioner's indefinite detention claim is immediate release, the Court declines to reach Petitioner's re-detention claim.

**A.      Indefinite Detention Claim**

Petitioner challenges the constitutionality of his detention pursuant to 8 U.S.C. § 1231, which takes effect once a final order of removal has been entered by an IJ.

The first ninety-day period following the entry of a final removal order is known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). To ensure a noncitizen's presence for removal and to protect the community from dangerous noncitizens who are awaiting removal, the INA mandates detention during the removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the [DHS Secretary] **shall** detain the [noncitizen].") (emphasis added). Once a ninety-day removal period has expired, as occurred in this case, detention of unremoved noncitizens is no longer mandatory; instead, continued detention is committed to the discretion of the DHS Secretary. 8 U.S.C. § 1231(a)(6).

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

There is no textual limit on the DHS Secretary's discretion to detain certain noncitizens beyond the initial ninety-day removal period. However, in *Zadvydas*, the Supreme Court interpreted the INA to authorize the detention of noncitizens subject to removal orders only for a period "reasonably necessary to secure [their] removal." 533 U.S. at 699. By interpreting the INA in this way, the Supreme Court avoided a "serious constitutional threat" posed by granting the discretionary authority to order noncitizens detained for indefinite durations. *Id*.

Under *Zadvydas*, an order of detention during the first six months after entry of a final removal order is presumptively reasonable. *Id.* at 701. After the presumptively reasonable 180-day window has elapsed, courts apply a burden-shifting framework to determine whether a noncitizen's detention is of an indefinite duration in violation of the INA and due process. *Id.*

Within this framework, the noncitizen carries the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The "good reason to believe" standard "does not place a burden upon the detainee to demonstrate [there is] no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up). If the noncitizen provides good reason, the burden then shifts to the government to show removal remains likely within a reasonable timeframe. *Id*. If the government fails to submit sufficient rebuttal evidence showing that removal is likely to occur within the reasonably foreseeable future, then the noncitizen is entitled to habeas corpus relief. *Id.*

Here, a final order of removal was issued against Petitioner in 2003. Dkt. 1. Petitioner's detention now exceeds 180 days and extends beyond the presumptively reasonable period. Thus, the Court analyzes Petitioner's indefinite detention claim under *Zadvydas*'s burden-shifting

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5

framework wherein Petitioner bears the initial burden of providing good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future, and Respondents must then rebut Petitioner's showing with evidence demonstrating removal is reasonably likely to occur in the reasonably foreseeable future.[2]

1.    Petitioner Provides Good Reason to Question the Likelihood of his Removal in the Reasonably Foreseeable Future

Petitioner contends there is good reason to believe his removal will not occur within a reasonable timeframe because, despite having a final order of removal since 2003 and being detained since December of last year, there is no indication a travel document from Vietnam is forthcoming. Dkt. 1 at 13; Dkt. 8 at 3. Indeed, Petitioner alleges that, for more than two-decades, he was permitted to remain on ATD because ERO did not believe there was a significant likelihood of his removal to Vietnam. *Id.* (citing Dkt. 5 at 9 and Dkt. 6 at 2–3). And although the Respondents have now curiously reversed their position, the evidence before the Court does not appear to alter the original conclusion. As such, Petitioner understandably contends that Respondents have failed to submit individualized evidence justifying this abrupt change in ERO's position, nor have they shown that Vietnam is even aware of Petitioner's removal let alone that it is likely to facilitate Petitioner's removal in light of the country's historically difficult repatriation process. *Id.*

The Court agrees with Petitioner and finds there is good reason to believe his removal is not significantly likely to occur in the reasonably foreseeable future. *See, e.g.*, *Nguyen v. Bondi*,

---

[2] Even assuming *arguendo* that Petitioner's detention had not extended beyond the presumptively reasonable six-month period, the Court observes that Petitioner's showing here is nonetheless sufficient to warrant the grant of habeas relief. *See, e.g.*, *D.S. v. Hernandez*, No. 2:26-CV-01328-JNW, 2026 WL 1408517, at *3 (W.D. Wash. May 20, 2026) (granting habeas relief where noncitizen detained for less than six months demonstrated their removal was not significantly likely to occur in the reasonably foreseeable future making their detention indefinite and unlawful) (collecting cases).

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6

No. 2:25-CV-02723-RAJ, 2026 WL 183819, at *3 (W.D. Wash. Jan. 23, 2026) (collecting cases "finding that Vietnam has historically refused to issue travel documents for individuals, like [petitioner], who immigrated to the United States before 1995, and [further finding] that the process remains uncertain and protected today"); *Haidari v. Bondi*, No. 2:26-cv-00237-JHC, 2026 WL 395683, at *2 (W.D. Wash. Feb. 12, 2026) (finding good reason to believe removal was not foreseeable and granting habeas relief where, after nine months in immigration detention, the country designated for removal had neither agreed to accept the petitioner nor issued travel documents).

Respondents disagree, arguing that Petitioner is prevented from making the requisite showing because he has allegedly refused to cooperate with the government's removal efforts. Dkt. 5 at 7. However, "even if the Court were to credit Respondents' evidence [of lack of cooperation], Respondents do not show what—if any—effect the purported lack of cooperation by Petitioner has had on his removal." *Nguyen v. Hermosillo*, No. 2:26-CV-00335-GJL, 2026 WL 538497, at *4 (W.D. Wash. Feb. 26, 2026). This Court cannot discern the causal link between the Petitioner's alleged conduct and the Respondents' decades old, and now continuing, failure to secure travel documents in this case.

For example, Respondents contend that Petitioner stated he "would not complete a travel document request," and "refused to sign" several DHS Forms I-229(a) Warning for Failure to Depart. Dkt. 6 at 3; *see also* Dkt. 7-4, 7-5, 7-6 (DHS Forms I-229(a)). Despite this alleged lack of cooperation, Respondents represent that a travel document request was sent to the Refugee, Asylum, and International Operations ("RIO") office on April 22, 2026. *Id.* at 4.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 7

Thus, while Respondents allege lack of cooperation, they fail to show Petitioner's purported conduct has impeded his removal in any meaningful way. Accordingly, the burden shifts to Respondents to present evidence rebutting Petitioner's showing.

2.      Respondents Fail to Show Petitioner's Removal is Likely to Occur in the Reasonably Foreseeable Future

Respondents have not met their burden of rebutting Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. First, it is notable that Petitioner's Order of Removal was issued nearly 23 years ago and ERO has been unable to obtain the Petitioner's travel documents for more than two decades. In this context, for the Respondents to now suddenly argue that removal is likely to occur in the reasonably foreseeable future requires more than rhetorical optimism buoyed by emerging motivation. To meet its burden, this Court requires the Respondents to tender evidence to undergird this optimism.

Although Respondents have demonstrated that ERO has *reviewed* Petitioner's case and taken certain internal steps *to begin the process* of eventually requesting travel documents from Vietnam, they do not present concrete or individualized evidence demonstrating that Petitioner's removal is, in fact, significantly likely to occur within the reasonably foreseeable future. And any argument to the contrary simply ignores the plain fact that Respondents have failed to make any meaningful progress toward removal for the duration of Petitioner's confinement since Petitioner's re-detention, much less his 2003 Order of Removal.

Specifically, the evidentiary record establishes that ERO submitted an internal travel document request in April 2026. Dkt. 6 at 4. This internal request was made nearly four months after Petitioner was re-detained, and there is no evidence demonstrating a request for travel documents has been made to the Vietnamese government at any point. And, while Respondents

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 8

contend that Petitioner's re-detention occurred after "ERO determined that it is now *possible* to effectuate Petitioner's removal," Dkt. 6 at 3 (emphasis added), Respondents submit no evidence demonstrating that his removal is *likely* to occur. Indeed, records submitted by Respondents demonstrate that arresting ERO officers assessed that Petitioner had "an executable administrative final order or removal" at the time he was re-detained but do not likewise show that any assessment that was made as to the *likelihood* of Petitioner's removal at that time. Dkt. 7-1.

Furthermore, as courts in this district have consistently noted, Vietnam is a country with a historically difficult, uncertain, and protracted removal process. *Nguyen*, 2026 WL 183819, at *3 (collecting cases). Yet Respondents submit no evidence regarding the anticipated timeline for when a travel document will be requested from Vietnam or how long it will take for Petitioner's travel document to issue once requested. Likewise, Respondents do not identify any affirmative action by the Vietnamese government indicating that it is aware of Petitioner's intended removal, that is has agreed to accept Petitioner for removal, or that it is reasonably likely to do so. Respondents' general assertion that removals to Vietnam have occurred in other unspecified instances has little, if any, value in demonstrating the likelihood of *Petitioner's* removal, especially given that no travel document has been requested from Vietnam let alone issued in his case.

Faced with similarly deficient records, "[c]ourts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) (collecting cases). This Court, too, finds that Respondents fail to make the requisite showing.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 9

In sum, the Court concludes that Petitioner has established good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The burden therefore shifts to Respondents to rebut that showing with evidence sufficient to demonstrate that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future. Respondents have failed to do so. Rather, the continued absence of travel documents, the lack of evidence regarding the status or expected completion of the travel document process, Vietnam's historically difficult travel document procedures, and the prolonged inability to execute Petitioner's final order of removal—or to even *request* a travel document to that end—demonstrates that Petitioner's detention is of an indefinite duration. *See Tran v. Blanche*, No. 2:26-CV-01782-GJL, 2026 WL 1998568, at *4 (W.D. Wash. July 10, 2026). Accordingly, Petitioner's continued detention under 8 U.S.C. § 1231(a)(6), as construed in *Zadvydas*, is no longer authorized and is unlawful.

3.     <u>Immediate Release is the Appropriate Relief for Petitioner's Indefinite Detention</u>

Having determined that Petitioner's continued detention is no longer authorized, the Court must determine the proper scope of habeas relief. Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Supreme Court in *Zadvydas* considered conditional release the appropriate remedy once detention exceeds the period reasonably necessary to effectuate removal. 533 U.S. at 699–700.

Accordingly, the Court concludes that the appropriate relief for the unlawful detention is an order directing Respondents to release Petitioner from immigration detention under reasonable conditions of supervision, if any.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 10

**B.      Re-Detention Clam**

Petitioner also alleges the manner by which he was re-detained violated procedural due process. Dkt. 1 at 11–12. Because the further injuries Petitioner alleges in this claim are remedied by the Court's grant of immediate release on his indefinite detention claim and because disposition of an additional constitutional claim would not materially alter the outcome of this case, the Court declines to reach Petitioner's re-detention claim. *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936) (explaining that courts should avoid resolving a constitutional question "unless absolutely necessary to a decision of the case") (internal citations and quotations omitted).

Furthermore, to the extent Petitioner also seeks to enjoin any future re-detention decision or condition of release, such broad requests are not supported. *See* Dkt. 1 at 14. While the Court concurs with Petitioner that Respondents must comport with due process when exercising their detention authority, the Court declines to conclusively resolve what process may be due to Petitioner in all circumstances preceding a future re-detention (whether in physical confinement or other restraint), nor will the Court prescribe a comprehensive procedural framework for any potential re-detention or supervised release decision Petitioner may face.

### IV.      CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition for writ of habeas corpus (Dkt. 1) **IN PART** and **DENIES** his request for permanent injunctive relief. The Court **ORDERS** as follows:

(1)      Respondents **SHALL** immediately release Petitioner Danh Ton Lam from custody on reasonable conditions of supervision, if any; and

(2)      Respondents **SHALL** file a declaration with the Court within **twenty-four hours** of this Order, confirming that Petitioner has been released from immigration detention and providing the date and time of his release.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 11

Finally, the Court will entertain any timely post-judgment request for attorney's fees. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 17th day of July, 2026.

_____
Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 12